# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO. 3:26-CV-00277-KDB-DCK

EBONY SHERISSE LUCAS,

**Plaintiff,**

v.

**MECKLENBURG COUNTY
CHILD SUPPORT
ENFORCEMENT, ET AL.,**

**Defendants.**

**MEMORANDUM AND ORDER**

THIS MATTER is before the Court on Plaintiff's Motion to Proceed In Forma Pauperis ("IFP") (Doc. No. 2). The Court has carefully considered this motion and Plaintiff's sworn Application, which details her financial circumstances. Based on that examination, the Court finds that Plaintiff's reasonable expected expenses exceed her expected income, and she does not otherwise have sufficient assets with which to pay the filing fee. Accordingly, the Court will GRANT the Motion for the limited purpose of conducting an initial review but DISMISS Plaintiff's Complaint after conducting that review.

## I.      Plaintiff's Motion to Proceed IFP

"The federal in forma pauperis statute, enacted in 1892 and presently codified as 28 U.S.C. § 1915, is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342-43 (1948)). To achieve its goal, the IFP statute "allows a litigant to commence a civil or criminal action in federal court in forma pauperis by filing in good faith an affidavit stating … that he is unable to pay the costs of a lawsuit." *Id*. In her IFP motion, Plaintiff states that

1

she currently has no job and her expenses exceed the inconsistent child support and disability payments she receives for her minor child. Further, the Court finds that she does not have assets that would otherwise allow her to pay for these proceedings. *See* Doc. No. 2.

Based on these representations, the Court will conditionally grant the motion and permit Plaintiff to proceed IFP solely for the limited purposes of this initial review.

## II.    Initial Review

Because Plaintiff is proceeding IFP, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. *Neitzke*, 490 U.S. at 327-28. Furthermore, a pro se complaint must be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the Complaint which set forth a claim that is cognizable under federal law. *Weller v. Dep't of Soc. Servs*., 901 F.2d 387 (4th Cir. 1990).

Here, Plaintiff has sued Mecklenburg County Child Support Enforcement ("CSE"), two attorneys who represented CSE and the North Carolina Department of Health and Human Services seeking to recover past due child support owed by Bernard Minger, the father of her minor child. *See* Doc. No. 1 at p. 5-6. Plaintiff also seeks damages allegedly related to Defendants' failure to obtain timely child support from Mr. Minger, improper disclosure of information and "malfeasant scheduling." *Id*. at 5-7. Plaintiff lists claims under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq*.; Rehabilitation Act of 1973, Section 504, 29 U.S.C. § 794; Privacy Act of 1974, 5 U.S.C. § 552a.; Civil Rights Act, 42 U.S.C. § 1983 and the Due Process

Clause of the Fourteenth Amendment to the U.S. Constitution, but does not explain how any of those statutes or the constitution are violated by the facts she alleges.

The Court finds that Plaintiff's Complaint fails a frivolity review and must be dismissed because the Court lacks jurisdiction to hear this action. The federal courts are courts of limited jurisdiction and may exercise only that jurisdiction which Congress has prescribed. *Chris v. Tenet*, 221 F.3d 648, 655 (4th Cir. 2000) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Therefore, whether the Court has jurisdiction over the subject matter of a case must be considered before addressing its merits. *Jones v. Am. Postal Workers Union*, 192 F.3d 417, 422 (4th Cir. 1999). The plaintiff bears the burden of proving that subject matter jurisdiction exists. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *Hemphill v. Bernard*, No. 3:24-CV-00286-KDB-SCR, 2024 WL 3761274, at *1 (W.D.N.C. Aug. 12, 2024).

Unless a matter involves one of the few areas over which federal courts have exclusive jurisdiction, a district court has subject matter jurisdiction over a case only where the matter involves a federal question arising "under the Constitution, laws or treaties of the United States," 28 U.S.C. § 1331 ("federal question jurisdiction"), or if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1) ("diversity jurisdiction"). *See Piedmont Roofing Servs., LLC v. Universal Prop. & Cas. Ins. Co.*, No. 522CV00154KDBDSC, 2023 WL 196461, at *2 (W.D.N.C. Jan. 17, 2023).

Plaintiff alleges that the Court has jurisdiction under its "federal question" jurisdiction, 28 U.S.C. § 1331, based on her listing of various federal statutes and the Fourteenth Amendment to the U.S. Constitution as being "at issue" in the case. However, the non-payment of state court

ordered child support and the enforcement of such orders does not raise a federal claim, even putting aside obvious issues of immunity for government entities and government officers. Therefore, there is no viable federal claim against these Defendants on which to base "federal question" jurisdiction, and this Court lacks subject matter jurisdiction to hear Plaintiff's claims.[1]

**NOW THEREFORE IT IS ORDERED THAT:**

1. Plaintiff's IFP motion (Doc. No. 2) is **GRANTED** for purposes of this Order**;**

2. Plaintiff's Complaint is **DISMISSED** without prejudice; and

3. The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: April 10, 2026

Kenneth D. Bell
United States District Judge

---

[1] Plaintiff has now filed seven separate legal actions in this Court since October 2025 (and an eighth in November 2023). While the Court stands ready to adjudicate any valid claims over which it has jurisdiction, it cannot help but to observe that it would appear to be in Plaintiff's best interest to use her obvious abilities more productively than constantly pursuing dubious litigation.

4